UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUNE E. PASACIC, | ) | CASE NO. 4:04CV0527 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| AMERIQUEST MORTGAGE | ) | |
| COMPANY, et al., | ) | |
| | ) | **REPORT AND** |
| Defendants. | ) | **RECOMMENDATION** |

The instant matter is before the Court on Defendant Oldstone Title Agency, LLC's ("Oldstone") motion to dismiss. ECF Dkt. #95. For the following reasons, the undesigned recommends that the Court GRANT Defendant Oldstone's motion to dismiss.

I.   **BACKGROUND**

On or about March 17, 2004, Plaintiff June E. Pasacic (hereinafter "Plaintiff"), *pro se*, filed her 16 count Complaint against Defendants Ameriquest ("Ameriquest"), Eastlake Branch Manager, Melissa Hill, Mortgage Broker, Oldstone and A&A Appraisals ("A & A"). ECF Dkt. #1. Plaintiff alleged a pattern of predatory and discriminatory lending in violation of numerous state and federal laws including, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1962(c)-(d) and 1964(c). ECF Dkt. #43. On April 5, 2004, Plaintiff, filed her first amended complaint, naming the same Defendants as in her original complaint. ECF Dkt. #4.

-1-

The substance of the first amended complaint was virtually unchanged, but Plaintiff asserted only 15 counts. *Id.* On May 20, 2004, A & A filed a motion to dismiss Plaintiff's first amended complaint. ECF Dkt. #15. On June 28, 2004, Plaintiff filed a brief in opposition to A & A's motion to dismiss. ECF Dkt. #18. On July 13, 2004, the Honorable Peter C. Economus referred the instant matter to the undersigned for pretrial supervision, including all motions. ECF Dkt. #21.

On July 19, 2004, Plaintiff filed a motion for leave to file her second amended complaint. ECF Dkt. #26. On August 12, 2004, the undersigned granted Plaintiff's motion for leave to file her second amended complaint. ECF Dkt. #42. On that same date, Plaintiff filed her second amended complaint, again naming the same Defendants and asserting substantially the same claims as in her prior two complaints, including six causes of action against Oldstone. ECF Dkt. #43.

On August 16, 2004, A & A filed a motion to dismiss the second amended complaint. ECF Dkt. #45. After all parties submitted briefs on the matter, on September 10, 2004, the undersigned recommended that the Court grant A & A's motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. ECF Dkt. #57. Plaintiff objected to this report and recommendation. Nevertheless, on September 29, 2004, the Court adopted the report and recommendation and dismissed all claims against A & A. ECF Dkt. #61. Thereafter, Plaintiff filed a motion for reconsideration, which the Court denied on December 12, 2004. ECF Dkt. #81.

Meanwhile, on November 2, 2004, Ameriquest filed a motion for judgment on the pleadings. ECF Dkt. #73. On December 20, 2004, Plaintiff filed her response to the RICO standing order. ECF Dkt. #86. On December 21, 2004, Plaintiff filed for leave to file an enlarged brief instanter of 103-pages. On December 23, 2004, Plaintiff's 103-page brief was stricken from the record and Plaintiff was granted leave to file a 30-page brief. On January 6, 2005, Plaintiff was denied leave to file a third amended complaint. ECF Dkt. #74, 88. On the same date, the undersigned filed a report and recommendation that the Court dismiss Defendants Eastlake Branch Manager and Melissa Hill pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to perfect service in a timely manner. ECF Dkt. #89. On February 24, 2005, Ameriquest filed a supplemental memorandum in support of its motion for judgment on the pleadings. ECF Dkt. #91. On February 28, 2005, the undersigned ordered Plaintiff to respond to the motion for judgment on the pleadings on or before March 11, 2005. ECF Dkt. #92. On March 21, 2005, the Court adopted the report and recommendation and dismissed all claims against Melissa Hill and Eastlake Branch Manager. ECF Dkt. #93. On April 11, 2005, without response from Plaintiff, the undersigned filed a report and recommended that the Court dismiss Ameriquest pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]  ECF Dkt. #94.

On April 13, 2005, Oldstone filed a motion to dismiss Plaintiff's Complaint because it lacked the factual and legal basis to support her six claims and incorporated by reference the Motion for Judgment on the Pleadings filed by Co-Defendants. ECF Dkt. #95.

---

[1] Since Oldstone is the last remaining defendant, should the Court adopt the undersigned's reports and recommendations as to Plaintiff's claims against Ameriquest and Oldstone, Plaintiff's Second Amended Complaint will be dismissed in full. *See* Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**II.   DISCUSSION**

   **A.   Standard of Review**

The Court can dismiss a complaint only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995), *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all allegations contained in the plaintiff's complaint as true and construes the complaint "liberally in favor of the party opposing the motion." *Conley,* 355 U.S. at 377. However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). In *Scheuer v. Rhodes*, the U.S. Supreme Court explained:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence . . . its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

*Scheuer,* 416 U.S. 232, 236 (1974). "When reviewing a motion to dismiss, the court should not weigh the evidence or evaluate the credibility of witnesses." *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994). Instead, it must be remembered that relief on a motion to dismiss is an extraordinary remedy that should not be granted unless "* * *it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hall v. United Labs,* 31 F. Supp.2d 1039, 1042 (N.D. Ohio 1998), *quoting Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 544 (6th Cir. 1991).

B.     **Plaintiff's First Cause of Action - Racketeer Influenced and Corrupt Practices Act (RICO)**

In Count I of the Second Amended Complaint, Plaintiff alleges a cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Ameriquest. ECF Dkt. #43, ¶ 79. Specifically, Plaintiff asserts claims for relief under 18 U.S.C. §§ 1962(c)-(d), and 1964(c). 18 U.S.C. § 1962 provides, in pertinent part:

> (c)    It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d)    It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1926. Section 1964(c) of RICO gives individuals a private right of action with recourse to treble damages and reasonable attorney fees.

In order to demonstrate a violation under RICO, a plaintiff must establish the following elements:

> 1)     that there were two or more predicate offenses;
> 2)     that an "enterprise" existed;
> 3)     that there was a nexus between the pattern of racketeering activity and the enterprise; and
> 4)     that an injury to business or property occurred as a result of the above three factors.

*VanDenBroeck v. Commonpoint Mortgage Co.*, 210 F.3d 696, 699 (6th Cir. 2000). Further, the United States Supreme Court has held that "in order to be held responsible under the Act, a defendant must have not only participated in the scheme, but must have also participated in the operation or management of the enterprise itself." *Id.* (citing *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993)). If a plaintiff fails to meet one of the RICO requirements, the RICO claim fails.

-5-

*Michalak v. Edwards,* Nos. 96-1970, 96-1972, 1997 WL 561424, * 2 (6th Cir. Sept. 9, 1997) (citing *Sedima, S.P.R.L. v. Imrex Corp.*, 473 U.S. 479 (1985)).

As recognized previously, pursuant to 18 U.S.C. § 1962(c), "it shall be unlawful for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . ." *Id*. Section 1961(4) broadly defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An "'enterprise' is not the 'pattern of racketeering activity;' it is an entity separate and apart from the pattern of activity in which it engages." *United States v. Turkette,* 452 U.S. 576, 583 (1981). However, a plaintiff may allege the separate elements of "enterprise" and "pattern of racketeering activity" through the same facts. *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 781-82 (6th Cir. 2000) (citing *United States v. Qaoud*, 777 F.2d 1105, 1115 (6th Cir. 1985)).

An association-in-fact enterprise can be proven by showing (1) that the associated persons formed an ongoing organization, formal or informal; (2) that they functioned as a continuing unit; and 3) that the organization was separate from the pattern of racketeering activity in which it engaged. *VanDenBroeck*, 210 F.3d at 699 (citing *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir. 1993). There must be "an organizational pattern or system of authority that provides a mechanism for directing the group's affairs on a continuing, rather than ad hoc, basis." *United States v. Tocco*, 200 F.3d 401, 425 (6th Cir. 2000). "Simply conspiring to commit a fraud is not enough to trigger the Act if the parties are not organized in a fashion that would enable them to function as a racketeering organization for other purposes." *Id.* A plaintiff may establish such

-6-

an organizational structure by alleging facts that demonstrate a chain of command or other evidence of a hierarchy, which may be limited in nature. *Id.* at 700. "The command system of a Mafia family is an example of the type of structure' that is distinct from the pattern of racketeering activity." *Tocco*, 200 F.3d at 425 (quoting *United States v. Bledsoe,* 674 F.2d 647 (8th Cir.), *cert. denied sub nom. Phillips v. United States,* 459 U.S. 1040 (1982)). Thus, the focus of the inquiry on organizational structure is whether the enterprise encompasses more than what is necessary to commit the predicate RICO offense. *Id.*

In the case at bar, Plaintiff has alleged that Ameriquest and Oldstone[2] combined to form an association-in-fact enterprise. ECF Dkt. #43, at ¶ 87. However, Plaintiff has made no factual allegations suggesting that the alleged enterprise was organized in such a manner that would enable it to function as a racketeering organization for other purposes. Indeed, Plaintiff does not plead any facts which suggest that the alleged association-in-fact had any type of organizational structure, hierarchy for decision-making, or mechanism for conducting the group's affairs. Rather, the allegations simply delineate "a string of entities allegedly comprising the enterprise, and . . . a string of supposed racketeering activities in which the enterprise purportedly engages." *Begala*, 214 F.3d at 781. Such bare allegations are insufficient to state a claim that the alleged association-in-fact functioned as an ongoing organization. *Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 350 (S.D.N.Y. 1998) (finding that association-in-fact enterprise was not adequately pled where plaintiffs failed to allege "any kind of chain of command or functional integration, as is

---

[2] The Defendants, A & A, Melissa Hill and Eastlake Branch Manager, have been dismissed from the suit. ECF Dkt. #61, 93. Additionally, the undersigned has recommended that Ameriquest be dismissed from the suit, which would leave Oldstone as the single remaining defendant and could not, by itself, form an enterprise within the meaning of the statute.

typical of classic RICO enterprises," and merely alleged that the defendants participated in a scheme to defraud the plaintiffs).

Based on the foregoing, the undersigned concludes that Plaintiff has failed to adequately plead the existence of a RICO enterprise alleged under Section1962(c). Failing to state a substantive RICO claim, the undersigned also concludes that Plaintiff has failed to state a RICO conspiracy claim, alleged under Section 1962(d). *Miller v. Norfolk Southern Ry. Co.*, 183 F. Supp. 2d 996, 1003 (N.D. Ohio 2002). Accordingly, the undersigned recommends that this Court DISMISS both Plaintiff's RICO claim and Plaintiff's RICO conspiracy claim alleged in Count I of the Second Amended Complaint with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### C. Plaintiff's Seventh Ground for Relief - Ohio Corrupt Activity Act

In Count VII of her Second Amended Complaint, Plaintiff alleges that Oldstone violated the Ohio Corrupt Activity Act, which Plaintiff refers to as the "Ohio RICO Statute." ECF Dkt. #43, p. 29-32. OHIO REV. CODE § 2923.31. The Ohio Corrupt Activities Act prohibits racketeering activity much as the Federal RICO Act does. Section 2923.32 provides in pertinent part:

> (A)(1) No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt.

OHIO REV. CODE § 2923.32(A)(1). As with RICO violations, a plaintiff asserting a claim for violation of the Ohio Corrupt Activity Act must allege facts showing: 1) conduct of the defendant which involves the commission of two or more specifically prohibited state or federal criminal

-8-

offenses; 2) the prohibited criminal conduct of the defendant constituting a pattern of corrupt activity; and 3) the defendant participated in the affairs of an enterprise or acquired or maintained an interest or control in the enterprise. *Universal Coach, Inc., v. New York City Transit Authority*, 90 Ohio App.3d 284, 291 (8th D. 1993). A plaintiff that fails to properly plead the elements necessary to establish a RICO violation also fails to state a claim under the Ohio Corrupt Activities Act. *See id.*

As discussed above, Plaintiff has failed to plead the existence of an enterprise. Accordingly, Plaintiff has also failed to state a claim under Ohio Revised Code § 2923.32(A)(1) and the undersigned recommends that this Court DISMISS with prejudice Plaintiff's claim under Ohio's Corrupt Activity Act against Oldstone alleged in Count VII of the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### D. Plaintiff's Eighth Ground for Relief - Fraud

In Count VIII of her Second Amended Complaint, Plaintiff asserts a fraud claim against all of the Defendants, including Oldstone. ECF Dkt. #43, at ¶¶ 153-161. Plaintiff alleges that, "Defendants made numerous false misrepresentations of fact to Miss Pasacic through word, deed and/or bogus service charges. In addition, Defendants knowingly concealed facts from Miss Pasacic with the intent to deceive her." ECF Dkt. #43, at ¶ 154. Plaintiff also alleges that the misrepresentations were material to the loan transaction. ECF Dkt. #43, at ¶ 156. However, Plaintiff does not set forth any specific details as to the alleged fraudulent conduct of Oldstone.

In Ohio, the elements of fraud are (1) representation or, where there is a duty to disclose, a concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with

knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that such knowledge can be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Graham v. Am. Cyanamid Co.*, 350 F.3d 496, 507 (6th Cir. 2003) (citing *Russ v. TRW, Inc.*, 59 Ohio St. 3d 42, 570 N.E.2d 1076, 1083 (1991)). To establish a claim for fraud, the complaining party must prove all of these elements. *Martin v. Ohio State Univ. Found.,* 139 Ohio App. 3d 89, 742 N.E.2d 1198, 1205 (10th D. 2000).

Finally, both Rule 9(b) of the Federal Rules of Civil Procedure and Rule 9(b) of the Ohio Rules of Civil Procedure require fraud to be pled with particularity. *Ullmo ex rel. Ullmo v. Gilmour Academy*, 273 F.3d 671, 678 (6th Cir. 2001). To satisfy this requirement, a "plaintiff must allege specifically times, places, [and] contents ... of the underlying fraud." *Id.* (citing *Vild v. Visconsi*, 956 F.2d 560, 567 (6th Cir. 1992) (discussing the showing required to satisfy Federal Rule 9(b))); *Aluminum Line Prods. Co. v. Brad Smith Roofing Co.*, 109 Ohio App. 3d 246, 671 N.E.2d 1343, 1351 (8th D. 1996) (stating that, in order to satisfy Ohio Rule 9(b), the complaint must "include the time, place and content of the false representation").

At paragraphs 154 and 156 of her Second Amended Complaint, Plaintiff alleges that "Defendants made numerous false representations" that were material to the loan transaction. ECF Dkt. #43, at ¶¶ 154, 156. However, as articulated in the motion for judgment on the pleadings filed by Ameriquest, Plaintiff has failed to allege any substantive facts which demonstrate the time, place, content of the false representation, the fact represented, the identification of the individual giving the false representation or the nature of what was obtained or given as a consequence of the alleged fraud, or that Oldstone made a false representation with

the intent to mislead or that she justifiably relied on the alleged representation. Plaintiff does allege that she worked with a representative from Oldstone when she first saw the loan documents and subsequently signed them. ECF Dkt. #43, at ¶¶ 47. However, she does not allege that the representative made any false or misleading statements, or what those statements may have been, that she relied on his advice when she signed the documents or that the representative intended to mislead her. Thus, Plaintiff has failed to allege the specific facts necessary to plead a claim of fraud with specificity.

The undersigned concludes that Plaintiff has failed to plead facts that would support her claim of fraud against Oldstone. Plaintiff has failed to plead facts that Oldstone made representations falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that such knowledge can be inferred, or that the representations were made with the intent of misleading another into relying upon it, or that she justifiably relied on the representation or concealment. Thus, the undersigned finds that Plaintiff has failed to state a claim for fraud.

Based on the foregoing, the undersigned recommends that this Court DISMISS with prejudice Plaintiff's claim of fraud against Oldstone alleged in Count VIII of the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### E. Plaintiff's Ninth Ground for Relief - Civil Conspiracy

In Count IX of her Second Amended Complaint, Plaintiff purports to assert a claim for civil conspiracy against all Defendants, including Oldstone. ECF Dkt. #43, ¶¶ 162-165. In support of this claim, Plaintiff alleges that more than "two Defendants maliciously combined to

injure the Plaintiff without reasonable or lawful excuse, resulting in her harm. The combined acts of the Defendants were acts of a tortious [sic] character." ECF Dkt. #43, at ¶ 163. Plaintiff further alleges that "Defendants conspired to defraud Miss Pasacic for the purpose of affecting [sic] the mortgage refinancing loan for their own respective benefits and profits, with ill will and reckless disregard for the adverse effects of their actions upon Miss Pasacic or for the unlawful acts committed by them in attaining their purposes." *Id*. at ¶ 164.

The Supreme Court of Ohio defines civil conspiracy as "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St. 3d 415, 650 N.E.2d 863, 866 (1995) (quoting *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St. 3d 121, 512 N.E.2d 640, 645 (Ohio 1987)); *Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519 (6th Cir. 2000). Thus, in order to establish a claim of civil conspiracy, the following elements must be proven: "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." *Leahey Constr. Co.*, 219 F.3d at 534 (quoting *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 90 Ohio App. 3d 284, 629 N.E.2d 28, 33 (8th D. 1993)). However, if all of the substantive claims underlying the conspiracy are without merit, the conspiracy claim must also fail. *Brose v. Bartlemay*, 1st Dist. Nos. C-960423, A-9105270, unreported, 1997 Ohio App. LEXIS 1478 (1st D., April 16, 1997) (citing *Minarik v. Nagy*, 8 Ohio App.2d 194, 195 (1963)).

It appears from the Second Amended Complaint that the substantive claim underlying Plaintiff's conspiracy theory is fraud. As discussed above, Plaintiff alleges that Defendants conspired to defraud Plaintiff. The undersigned has already addressed the claim for fraud in the

-12-

above opinion and found that construing all facts as true, Plaintiff has failed to state a claim against Oldstone. Additionally, as the remaining defendants to the suit have been dismissed or recommended that they be dismissed, there are no parties to the suit which would constitute two or more persons. *See* ECF Dkt. ## 61, 93, 94. Therefore, the undersigned recommends that this Court DISMISS with prejudice Plaintiff's civil conspiracy claim alleged in Count IX of the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      **F.     Plaintiff's Eleventh Ground for Relief - Negligent and/or Intentional Misrepresentation**

In Count XI of the Second Amended Complaint, Plaintiff asserts a claim for negligent and/or intentional misrepresentation against Oldstone. Plaintiff alleges the following:

> Each and every Defendant, jointly and severally, made negligent and/or intentional misrepresentations to the Plaintiff on which she reasonably relied. These negligent and/or intentional misrepresentations include, but are not limited to, the following: 1) failing to advise Miss Pasacic that each and every Defendant would receive excess fees in connection with the transactions; 2) providing Miss Pasacic with inaccurate and improper advice as to maximizing the Property's value; 3) failing to fully and completely disclose and explain the history and details of each and every Defendant's business relationship with each other; and 4) otherwise failing to take the utmost and/or reasonable care, caution and diligence to protect the best interests of Miss Pasacic.

ECF Dkt. #43, at ¶ 176.

First, with regard to Plaintiff's claim of intentional misrepresentation, the undersigned notes that in Ohio, the terms "fraud" and "intentional misrepresentation" have been used interchangeably in cases where an intentional misrepresentation of a fact forms the basis for a cause of action for fraud, as in the present case. *See, e.g., Applegate v. Northwest Title Co.*, 2004 Ohio 1465, No. 03AP-855, 2004 Ohio App. LEXIS 1297 (10th D., March 25, 2004); *Atram v.*

-13-

*Star Tool & Die Corp.*, 64 Ohio App.3d 388, 581 N.E.2d 1110 (8th D. 1989); *Doyle v. Fairfield Machine Co., Inc.*, 120 Ohio App.3d 192, 697 N.E.2d 667 (11th D. 1997). The elements to prove a claim for intentional misrepresentation and a claim for fraud are the same under Ohio law, and the undersigned has already addressed Plaintiff's claim for fraud and that claim in the Second Amended Complaint was not alleged with specificity. Accordingly, the undersigned recommends that this Court DISMISS with prejudice Plaintiff's intentional misrepresentation claim alleged in Count XI of the Second Amended Complaint as redundant pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Next, as set forth by the Ohio Supreme Court, the elements of negligent misrepresentation are:

> One who, in the course of his business, profession, or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Delman v. Cleveland Heights,* 41 Ohio St.3d 1, 4 (1989). Therefore, to avoid dismissal, of plaintiff's complaint she must set forth the necessary elements of negligent misrepresentation. *Zuber v. Ohio Dept. of Ins.*, 34 Ohio App.3d 42, 45 (10th D. 1986).

In the case at bar, Plaintiff does not allege what information was provided by Oldstone specifically to guide Plaintiff in her business transactions or why it was false. Further, Plaintiff has failed to allege that Oldstone failed to exercise reasonable care in communicating the information. The elements of false information relating to business transactions and reasonable care in communicating or obtaining the information are necessary to support a claim of negligent misrepresentation. As a result, the undersigned concludes that Plaintiff has failed to state a claim

-14-

with specificity for negligent misrepresentation. Therefore, the undersigned recommends that this Court DISMISS with prejudice Plaintiff's claim for negligent misrepresentation alleged in Count XI of the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the foregoing reasons, the undesigned recommends that the Court GRANT Defendant Oldstone's motion to dismiss, and dismiss the Complaint against Defendant Oldstone with prejudice as to Counts I, VII, VIII, IX, and XI. ECF Dkt. #95.

Date: May 19, 2005      */s/George J. Limbert*
                        GEORGE J. LIMBERT
                        United States Magistrate Judge

ANY OBJECTIONS to this Order and Interim Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's order and recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).